1  DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
2  MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
4  650 Page Mill Road
Palo Alto, CA 94304-1050
5  Telephone:  (650) 493-9300

6  ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8  701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
9  Telephone:  (206) 883-2500

10  *Counsel for Defendants*
GOOGLE LLC and ALPHABET INC.
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                            SAN JOSE DIVISION

15

16  JINGNA ZHANG, an individual; SARAH          )   CASE NO.:  5:24-cv-02531-EJD
ANDERSEN, an individual; HOPE LARSON, an     )
17  individual; and JESSICA FINK, an individual, )   **DEFENDANTS' REQUEST FOR**
                                             )   **JUDICIAL NOTICE AND**
18              Individual and Representative   )   **CONSIDERATION OF MATERIALS**
                 Plaintiffs,                  )   **INCORPORATED BY REFERENCE**
19                                             )   **IN SUPPORT OF MOTION TO**
            v.                                 )   **DISMISS COMPLAINT**
20                                             )
GOOGLE LLC and ALPHABET INC.,                )   Judge:  Hon. Edward J. Davila
21                                             )
            Defendants.                        )
22                                             )
                                             )
23  _____ )

24

25

26

27

28

1    In considering Defendants Google LLC and Alphabet Inc.'s (collectively, "Defendants")

2  motion to dismiss, Defendants hereby request that the Court take judicial notice of, and/or order

3  incorporated by reference, the documents listed below:

4       1.    A certified Certificate of Registration for U.S. Copyright No. TX 9-082-399,

5             titled "Adulthood is a Myth: A 'Sarah's Scribbles' 2021 Wall Calendar." This

6             document is attached hereto as **Exhibit 1** to the Declaration of Qifan Huang in

7             Support of Defendants' Request for Judicial Notice ("Huang Declaration").

8       2.    A certified Certificate of Registration for U.S. Copyright No. TX 8-207-926,

9             titled "Adulthood Is a Myth: A Sarah's Scribbles Collection." This document is

10            attached hereto as **Exhibit 2** to the Huang Declaration.

11      3.    A certified Certificate of Registration for U.S. Copyright No. TX 8-564-573,

12            titled "Herding Cats: A Sarah's Scribbles Collection." This document is attached

13            hereto as **Exhibit 3** to the Huang Declaration.

14      4.    A post from Plaintiff Sarah Andersen's X (formerly, Twitter) account, posted on

15            December 23, 2015. Attached as **Exhibit 4** to the Huang Declaration, this

16            document is publicly available online at

17            https://x.com/SarahCAndersen/status/679691764836515844.

18      5.    A post from Plaintiff Sarah Andersen's X account, posted on February 3, 2016.

19            Attached as **Exhibit 5** to the Huang Declaration, this document is publicly

20            available online at https://x.com/SarahCAndersen/status/694905848053809153.

21      6.    A post from Plaintiff Sarah Andersen's X account, posted on October 24, 2020.

22            Attached as **Exhibit 6** to the Huang Declaration, this document is publicly

23            available online at https://x.com/SarahCAndersen/status/1320010279103627265.

24      7.    A certified deposit copy for U.S. Copyright No. TX 6-879-805, titled "Chiggers."

25            This document is attached hereto as **Exhibit 7** to the Huang Declaration.

26      As set forth below, the Court may take judicial notice of these documents under Fed. R.

27  Evid. 201, and may properly consider them on Defendants' motion to dismiss.

28

## DISCUSSION

On a motion to dismiss, the Court may consider materials that are judicially noticeable. *See, e.g.*, *In re Facebook, Inc. Secs. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (Davila, J.). Separately, under the incorporation-by-reference doctrine, on a motion to dismiss "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The doctrine extends to situations where a plaintiff's claim "depends on the contents of a document," even when "the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**Exhibits 1–3**, certified Certificates of Registration for Plaintiffs' works at issue, and **Exhibit 7**, certified deposit copy for Plaintiff Hope Larson's work "Chiggers," may be considered on both grounds. Certified records from the U.S. Copyright Office or the Library of Congress, such as certificates of registration and deposit copies of registered copyrights that were submitted pursuant to 17 U.S.C. § 407(a), are judicially noticeable. *See, e.g.*, *Oroamerica Inc. v. D & W Jewelry Co.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (certificates of registration); *Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048, at *3 n.5 (N.D. Cal. June 28, 2013) (same); *UAB "Planner5D" v. Facebook, Inc.*, 2020 WL 4260733, at *6 n.5 (N.D. Cal. July 24, 2020) (deposit copy of work at issue); *Newt v. Twentieth Century Fox Film Corp.*, 2016 WL 4059691, at *2-3 (C.D. Cal. July 27, 2016) (same). Exhibits 1 to 3 are certified Certificates of Registration obtained from the U.S. Copyright Office and bear the Copyright Office's certification. Similarly, Exhibit 7 is a certified deposit copy of the work "Chiggers" obtained from the Library of Congress and bears the Library's seal. Defendants thus respectfully request that the Court take judicial notice of these documents and consider them in connection with Defendants' motion to dismiss.

Moreover, Exhibits A and B to the Complaint expressly refer to the copyright registrations for the works at issue, including their copyright registration numbers. *See* ECF No. 1-1 at 3, 7–8, 10; ECF No. 1-2 at 3, 15–16, 19. Plaintiffs allege that Defendants infringed upon

1   the copyrights covered by these registrations. *See* ECF No. 1, Compl. ¶¶ 15–16; ECF No. 1-2 at

2   3, 15–16, 19. Thus, the Certificates of Registration attached hereto as Exhibits 1 to 3 and the

3   deposit copy attached hereto as Exhibit 7 are also incorporated by reference.

4        **Exhibits 4–6**, posts on the social media website X, are judicially noticeable, because they

5   appear on "publicly accessible websites whose accuracy and authenticity are not subject to

6   dispute." *In re Facebook, Ing. Secs. Litig.*, 477 F. Supp. 3d at 1008. Courts within this District

7   routinely take judicial notice of social media posts by parties, including posts from X, formerly

8   known as Twitter. *See, e.g.*, *Veronica Foods Co. v. Ecklin*, 2017 WL 2806706, at *4 (N.D. Cal.

9   June 29, 2017); *Shankar v. Zymergen Inc.*, 2022 WL 17259057, at *1 (N.D. Cal. Nov. 29, 2022);

10  *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019); *Rock the Vote v. Trump*,

11  2020 WL 6342927, at *3 (N.D. Cal. Oct. 29, 2020). Here, Defendants respectfully request that

12  this Court take judicial notice of three posts on X from Plaintiff Sarah Andersen's official,

13  verified X account. *See* Exs. 4–6. Defendants seek judicial notice of these materials for the fact

14  that Plaintiff Sarah Andersen publicly shared the content of these posts on the date reflected in

15  those posts. *See, e.g.*, *Unsworth*, 2019 WL 5550060, at *4; *Rock the Vote*, 2020 WL 6342927, at

16  *3.

17       For these reasons, Defendants respectfully request that the Court consider the above-

18  referenced documents in connection with Defendants' Motion to Dismiss Plaintiffs' Complaint.

19

20                  Respectfully submitted,

21  Dated:  June 20, 2024           WILSON SONSINI GOODRICH & ROSATI
                     Professional Corporation

22

23              By:  */s/ David H. Kramer*
                     David H. Kramer

24                   dkramer@wsgr.com
                     Maura L. Rees

25                   mrees@wsgr.com
                     Eric P. Tuttle

26                   eric.tuttle@wsgr.com

27                  *Counsel for Defendants*
                     GOOGLE LLC and ALPHABET INC.

28