Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Laura M. Matson (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: lmmatson@locklaw.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Jingna Zhang, et al.,

*Individual and Representative Plaintiffs*,

v.

Google LLC, a Delaware limited liability company; and Alphabet Inc., a Delaware corporation;

*Defendants*.

Case No. 5:24-cv-02531-EJD

**PLAINTIFFS' OPPOSITION TO DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Hearing Information
Date: October 17, 2024
Time: 9:00 a.m.
Courtroom: 4
Judge: Hon. Edward J. Davila

# I. INTRODUCTION

The standards under Rule 12 are clear—a court may not look beyond the pleadings when considering the sufficiency of a complaint. Nonetheless, Defendants Google LLC ("Google") and Alphabet Inc. ("Alphabet") (together, "Defendants") improperly attempt to buttress their motion to dismiss with disputed factual information located nowhere in Plaintiffs' complaint under the guise of a request for judicial notice ("RJN"). In particular, Defendants seek to introduce two categories of information from beyond the four-corners of Plaintiffs' complaint: (1) posts that appear publicly on the social media website X (formerly known as Twitter), and (2) certified Certificates of Registration for multiple U.S. copyrights. In so doing, Defendants are attempting to inject factual disputes at a stage where Plaintiffs are entitled to the benefit of all reasonable inferences.

Rather than filing a motion for summary judgment—a procedure designed to help the Court distinguish between genuinely disputed and undisputed evidence—Defendants endeavor to sidestep the established adversarial litigation process. Their approach inappropriately encourages the Court to draw inferences in favor of the Defendants, rather than the Plaintiffs. The Court should reject this approach. All of the exhibits presented contain facts that are reasonably disputable, and at the pleading stage, the Court must draw all reasonable inferences in Plaintiffs' favor. The Court should therefore deny Defendants' request for judicial notice.

# II. ARGUMENT

## A. Defendants' Request for Judicial Notice Improperly Asks the Court to Adjudicate Facts in Defendants' Favor

It is hornbook law that courts generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Under Federal Rule of Evidence 201(b), however, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(c) further provides that "[t]he court: (1)

may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." The issue of whether a certain type of document is generally susceptible to judicial notice is distinct from whether the document can be judicially noticed as to the facts included in the document. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 989, 1000 (9th Cir. 2018).

"The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a 'high degree of indisputability.'" *Stitt v. S.F. Mun. Transp. Agency*, No. 12-CV-03704 YGR, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2013) (quoting *Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1151 (9th Cir. 2005)). This is because "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja,* 899 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, "a court should only take judicial notice of those facts in the documents that are both undisputed and relevant to the issues presented in the motion to dismiss." *Stitt*, 2023 WL 121259 at *2 (emphasis in original).

**1. The Court should not judicially notice Plaintiff Andersen's X posts as "publication"**

Defendants argue in their motion to dismiss that "[a]t least three of Ms. Andersen's six allegedly infringed images (Compl., Ex. B at 17–18, 20 (Andersen training images 3, 4, and 6)) were previously published online before their inclusion in the print works Ms. Andersen later registered," and state that "[t]hese images are thus not covered by the registrations for the subsequent print works." ECF No. 24 at 11 (the "MTD"). In support, Defendants request that the Court take judicial notice of posts that were purportedly made by Plaintiff Andersen on X f/k/a Twitter and are attached to the accompanying declaration of Qifan Huang as Exhibits 4–6. ECF Nos. 25-5; 26-5; 25-7. Defendants argue that Exhibits 4–6 to the Huang Declaration are judicially noticeable because they appear on publicly accessible websites whose accuracy and authenticity are not subject to dispute. That is incorrect.

Despite Defendants' claims to the contrary, "[a] document is not judicially noticeable simply because it appears on a publicly available website." *Nelson v. F. Hoffmann-LaRoche, Inc.*, 642 F. Supp. 3d 1115, 1126–27 (N.D Cal. 2022); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) ("[T]his Court rejects the notion that a document is judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website."). Indeed, this Court has recognized that it "may only take notice as to the existence of the web pages 'and the facts contained therein, not as to the (disputed) inferences that Defendant seeks to draw from them.'" *Murj, Inc. v. Rhythm Mgmt. Grp., Inc.*, No. 5:21-CV-00072-EJD, 2022 WL 3589574, at *3 (N.D. Cal. Aug. 22, 2022) (Davila, J.) (citations omitted). Here Defendants ask the Court to take judicial notice of Plaintiff Andersen's X posts to draw an inference that they were published by virtue of being posted on X—a purported fact that is disputed at this stage of the litigation. Defendants request is therefore improper.

What Defendants seek is no different from the request at issue in *Murj*. *Murj* involved a contract dispute wherein one party sought judicial notice of archived versions of a website and several Twitter posts to show the confidential information at issue was disclosed at the time of the breach. *Id.* at *2. The request in *Murj*, however, occurred at the pleading stage rather than at summary judgment under Rule 56. *Id.* at *3. The Court therefore denied the request, explaining:

> While the Court may take judicial notice of the appearance of such websites and images, the Court may not draw any inferences from these images and texts or "adjudicate factual disputes that are implicated by any such inferences." Rhythm asserts that it only requests that the Court take notice of whether the images were available in the public realm at the time the Parties executed the Agreement. In doing so, however, Rhythm asks the Court to in essence adjudicate disputed facts involving the scope of disclosure and to determine the components, features, and interface display of the Murj Platform. This is impermissible on a motion to dismiss.

*Id.* (citations omitted). Defendants likewise ask the Court to adjudicate disputed facts as to whether Plaintiff Andersen's posts constituted publication under the Copyright Act. *See* MTD at 11. This is impermissible on a motion to dismiss where Plaintiffs are entitled to all reasonable inferences in their favor. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007).

Although Defendants argue that "[c]ourts take judicial notice of information on publicly accessible websites whose accuracy and authenticity are not subject to dispute," *see* RJN at 4, the courts in Defendants' cited cases only noticed the proffered X posts for their existence, not for the truth of their contents. *See, e.g., Rock the Vote v. Trump*, No. 20-cv-06021-WHO, 2020 WL 6342927, at *3 n.1 (N.D. Cal. Oct. 29, 2020) ("The Court takes judicial notice of the existence of the tweets[.]").Therefore, the Court should deny Defendants' RJN as to Exhibits 4–6. But if the Court does judicially notices these exhibits, the Court should limit its notice of Exhibits 4–6 solely for their existence and not for the truth of the matters asserted therein.

**2. The Court should not judicially notice the copyright registration documents**

In addition, Defendants seek judicial notice as to certain copyright registration documents (Exhibits 1–3 and 7 to the Huang Declaration, ECF Nos. 25-2; 25-3; 25-4; 25-8). This too is an attempt by Defendants to do what *Khoja* forbids: "ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins*, 338 F. Supp. 3d at 1031 (citing *Khoja*, 899 F.3d at 998–99). Indeed, Defendants seek judicial notice of these materials precisely to inject factual disputes with respect to the contents of the registration documents, including what was filed with the Copyright Office. MTD at 10–12. This is improper at the pleading stage. Therefore, the copyright registration documents necessarily fall outside the scope of Federal Rule of Evidence 201(b).

In particular, as to Exhibit 7 (Library of Congress certification regarding "Chiggers"), the certified document states that "THIS IS TO CERTIFY that the collections of the Library of Congress General Collections contain a book entitled, Chiggers; letters by Jason Azzopardi, Hope Larson, call number Pz7.7.L37 Ch 2008—and the attached copies are true and accurate representation of that work." Google argues in the motion to dismiss that "Plaintiff Hope Larson contends that Defendants infringed her 'training image 2,' an image supposedly registered as part of her book, "Chiggers." Compl., Ex. B at 3," "[b]ut Library of Congress records confirm that the image was not submitted and registered as part of 'Chiggers.'" MTD at 12. But that is not what Plaintiffs allege. Defendants ask the Court to improperly draw an inference in their favor.

The contents of Exhibits 1–3 are also potentially subject to reasonable dispute—what material is included and excluded is a factual dispute, one that should be resolved by a factfinder or at summary judgment. Thus, judicial notice is improper. *Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed[.]").

**B. Incorporation by Reference is Improper Because Plaintiffs Neither Rely on Nor Refer to the Disputed Exhibits**

Defendants also seek to incorporate by reference the exhibits attached to the Huang Declaration. This argument too is meritless.

Unlike judicial notice, incorporation by reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 681–82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

A defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)); *see also Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

claim."). Additionally, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Here, there is no legal nexus between Exhibits 4–6 to the Huang Declaration and any of the Plaintiffs' claims. Plaintiffs did not refer to or rely on these documents in the Complaint—and Plaintiff Andersen's X posts are certainly not central to her allegations. Instead, Defendants seek incorporation to use the X posts to improperly challenge the effectiveness of Plaintiff Andersen's registration. This is not the purpose of the incorporation by reference doctrine and risks "resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003; *see also id*. ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Sgro v. Danone Waters of N. Am., Inc*., 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant appropriately implemented the plan).

Likewise, the Library of Congress copyright registration documents (Exhibits 1–3 and 7 to the Huang Declaration) are not central to the claims of copyright infringement in the Complaint and the Complaint does not rely upon them heavily. *See Khoja*, 899 F.3d at 1003 (stating that where a document was quoted once in a two-sentence footnote, incorporation by reference was improper because "[f]or 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once[.]") (quotation omitted). The documents at issue here similarly fail to meet the threshold requirements for incorporation.

## III. CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Google LLC and Alphabet Inc.'s Motion to Dismiss in its entirety. In the alternative, the Court should limit its notice of Exhibits 4–6 solely for their existence and not for the truth of the matters asserted therein.

Dated: July 18, 2024

By: /s/ Joseph R. Saveri
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar. No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com