Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Laura M. Matson *(admitted pro hac vice)*
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email:      lmmatson@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Jingna Zhang, et al.,<br><br>  *Individual and Representative Plaintiffs*,<br><br>  v.<br><br>Google LLC, a Delaware limited liability company; and Alphabet Inc., a Delaware corporation;<br><br>  *Defendants*. | Case No. 5:24-cv-02531-AMO<br><br>**PLAINTIFFS' STATEMENT OF RECENT DECISION** |

1      Pursuant to Civil Local Rule 7-3(d)(2), Plaintiffs respectfully submit this Statement of Recent Decision pertinent to Plaintiffs' Opposition to Defendants' pending Motion to Dismiss Complaint ("Motion"), ECF No. 26. In *Andersen, et al. v. Stability AI Ltd. et al.*, No. 23-cv-201-WHO (N.D. Cal.) ("*Stability*"), a group of artists claims that defendant AI companies unlawfully incorporated their copyrighted works into datasets used for training AI image-diffusion models that generate images mimicking the styles of those copyrighted works. Recently, in that case, Judge Orrick issued a ruling that partially granted and partially denied the defendants' motions to dismiss the plaintiffs' first amended complaint ("FAC"), addressing arguments similar to those presented in the current case. *See Stability*, ECF No. 223.[1]

First, Judge Orrick determined that the plaintiffs adequately allege direct copyright infringement by claiming that certain defendants used copyrighted works to train their AI image-diffusion models, *see id.* at 16-17, 19-21, stating that "[t]he FAC allegations and the exhibits help plaintiffs cross the plausibility threshold." *Id.* at 21.

Additionally, although he did not issue a ruling on them, Judge Orrick addressed two alternative theories of direct copyright infringement presented by the plaintiffs. The first, which he referred to as the "model theory," posits that the AI image-diffusion model, once trained, becomes an "infringing Statutory Copy" or a "Statutory Derivative Work" of the plaintiffs' creations. *See id.* at 16. The second, known as the "distribution theory," suggests that distributing an AI image-diffusion model trained on the plaintiffs' works infringes on their distribution rights, as it is tantamount to distributing the works themselves. *See id.* Regarding these theories, Judge Orrick stated:

> I note that both the model theory and the distribution theory of direct infringement depend on whether plaintiffs' protected works are contained, in some manner, in [the AI image-diffusion model] as algorithmic or mathematical representations—and are therefore fixed in a different medium than they may have originally been produced in—is not an impediment to the claim at this juncture. 1 Nimmer on Copyright § 2.09[D][1] (2024) ("A work is no less a motion picture (or other audiovisual work) whether the images are embodied in a videotape, videodisc, or any other tangible form.").

*Id.* at 17.

---

[1] A copy of Judge Orrick's Order in *Stability* is attached hereto as **Exhibit 1**.

   Second, Judge Orrick concluded that the plaintiffs plausibly allege that certain defendants induced copyright infringement by distributing AI image-diffusion models capable of generating infringing outputs. *See id.* at 9, 18, 21 n.19. He deemed sufficient the plaintiffs' allegations that certain defendants knowingly distributed an AI image-diffusion model that "uses or invokes the training images in its operation." *Id.* at 18. Judge Orrick also explained that:

> [T]his is a case where plaintiffs allege that [the AI image-diffusion model] is built to a significant extent on copyrighted works and that the way the product operates necessarily invokes copies or protected elements of those works. The plausible inferences at this juncture are that [the AI image-diffusion model] *by operation* by end users creates copyright infringement and was created to facilitate that infringement by design.

*Id.* at 9 (emphasis in original).

   Third, Judge Orrick rejected one defendant's arguments that certain plaintiffs' identified works included in the LAION datasets used for AI training are compilations, with copyright protection extending only to new material within those compilations. *See id.* at 19. He noted that it was "undisputed that each of the named plaintiffs who claim their copyright-protected works were included in the LAION datasets have at least one work whose registration is facially valid. At this juncture, therefore, the Copyright Act claims survive[.]" *Id.* Additionally, Judge Orrick found that while the FAC's identification of unprotected works does not directly establish liability, it bolsters the plausibility of the plaintiffs' claims that their works were used in AI training and could potentially be recreated by the AI image-diffusion models. *See id.* at 20.

   Finally, Judge Orrick declined to rule that plaintiffs must identify specific, individual registered works that each contends was used for AI image-diffusion model training. He explained:

> Given the unique facts of this case—including the size of the LAION datasets and the nature of defendants' products, including the added allegations disputing the transparency of the "open source" software at the heart of [the AI image-diffusion model at issue]—that level of detail is not required for plaintiffs to state their claims. Instead, plaintiffs have added to their FAC more detailed allegations regarding the training and use of the LAOIN datasets by defendants generally . . . . Plaintiffs have plausible allegations showing why they believe their works were included in the LAION datasets.

*Id.* at 20.

| | | |
|---|---|---|
| Dated: August 16, 2024 | By: | /s/ Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Evan Creutz (State Bar. No. 349728)
Elissa A. Buchanan (State Bar No. 249996)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      eabuchanan@saverilawfirm.com
                      ecreutz@saverilawfirm.com
                      mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:            mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:      (612) 339-0981
Email:            bdclark@locklaw.com
                      lmmatson@locklaw.com
                      aswagner@locklaw.com
                      echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*