Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Laura M. Matson (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:   (612) 339-0981
Email:       lmmatson@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants
GOOGLE LLC and ALPHABET INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Jingna Zhang, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Google LLC, a Delaware limited liability company; and Alphabet Inc., a Delaware corporation;<br><br>*Defendants*. | Case No. 5:24-cv-02531-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil Local Rule 16-9(a), the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Court's Order Reassigning Case, Dkt. 39, counsel for Plaintiffs Jingna Zhang, Sarah Andersen, Hope Larson, Jessica Fink, and the proposed class (together "Plaintiffs") and Defendants Google LLC ("Google") and Alphabet Inc. (collectively "Defendants"), have met and conferred and respectfully submit this Joint Case Management Statement and Rule 26(f) Report.

**1.     Jurisdiction and Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action alleges violations of the Copyright Act (17 U.S.C. § 501). No issues exist regarding personal jurisdiction or venue. All parties have been served.

**2.     Facts**

**Plaintiffs' Statement**: Plaintiffs allege one count of direct copyright infringement against Defendant Google and one count of vicarious copyright infringement against Defendant Alphabet. Plaintiffs are artists who own copyrights in works allegedly used to train Defendant's image-to-text models, text-to-image models, and multimodal models, including the Google-LAION models that underpin Defendants' generative AI image platforms, including Imagen, Imagen 2, and Google Gemini. The Complaint alleges that Defendant Google copied Plaintiffs' registered Works to train (i.e., the process by which an Artificial Intelligence ("AI") program can "learn" how to anticipate and provide outputs to prompts) its Google-LAION Models in violation of the Copyright Act, 17 U.S.C. § 501. Defendant Alphabet, as the corporate parent of Google during its training of the Google-LAION Models and since, has benefitted financially from Google's infringing conduct, and has the right and ability to supervise Google's activities but failed to prevent Google's infringement. Defendants' models copied the LAION datasets, which include Plaintiffs' Infringed Works, and used these copies to train its generative AI image models. Defendants' models—built on Plaintiffs' Infringed Works—directly compete with Plaintiffs' Works. Plaintiffs have been injured by Defendant's conduct.

**Defendants' Statement:** Generative AI is an important and groundbreaking technology that promises to revolutionize a wide range of endeavors. Plaintiffs' complaint challenges the process of

training AI models, which involves exposing the models to enormous amounts of data so that they can learn to generate their own information. Plaintiffs are four visual artists who assert a claim against Google for directly infringing their copyrights during Google's training of generative AI models that were trained on a dataset known as LAION-400M. Plaintiffs also assert a claim against Google's parent company, Alphabet, for vicarious infringement. Plaintiffs do not allege that the output of any Google model has displayed, distributed, or otherwise infringed their copyrights. Plaintiffs' claim for copyright infringement based on training is meritless.

That claim raises questions of express and implied license and fair use. Facts regarding copyright ownership, registration, use, timing, and the existence and availability of damages will also require exploration. Importantly, no class can be certified here. Many courts have recognized that copyright claims are "poor candidates for class-action treatment." *Schneider v. YouTube LLC*, 2023 WL 3605981, at *6 (N.D. Cal. May 22, 2023) (denying certification of copyright class). Those concerns are magnified here, where Plaintiffs seek to represent a sprawling and ill-defined class of all U.S.-domiciled owners of U.S. copyrights in any works that Google used as training images for generative AI models trained on LAION-400M. For these reasons and others, Defendants deny Plaintiffs' claims, will assert affirmative defenses, and intend to oppose certification of the proposed class.

### 3.  Legal Issues

**Plaintiffs' Statement:** The legal and factual issue at the core of this case is whether Defendants' unlawful copying of Plaintiffs' copyrighted works violated the Copyright Act, 17 U.S.C. § 501, *et seq*. Defendants indicate that they will rely upon a fair use defense. But Defendants will not be able to carry their burden to prove fair use. For example, Defendants have not disputed that Google copied Plaintiffs' work to train its AI models without consent, credit, or compensation. By relying on works taken without creators' permission, any argument on fair use falls short. *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (explaining that fair use defense "presupposes good faith"); *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2018 WL 3197696, at *11 (C.D. Cal. June 25, 2018) ("[C]ourts have concluded that fair use is not an available defense to intermediate copying when a defendant is in unauthorized possession of a plaintiff's source code."). Further, Defendants' sheer volume of infringements counsels against a fair use defense. *See Harper & Row*, 471 U.S. at 569 ("'Isolated instances of minor

infringements, when multiplied many times, become in the aggregate a major inroad on copyright that must be prevented.'") (quoting S. Rep. No. 473 at 65 (1975)). There are numerous other questions of law or fact common to the class, and those issues predominate over any question affecting individual class members. *See* Section 9, *infra*.

**Defendants' Statement**: As raised in the motion to dismiss, the parties dispute: (a) whether Plaintiffs may assert copyright infringement claims as to images they have not identified in the Complaint; (b) whether Plaintiffs have valid copyright registrations covering the allegedly infringed images; (c) whether the Complaint adequately alleges that Defendants' generative AI models are infringing derivative works; and (d) whether the Complaint adequately alleges that Alphabet is vicariously liable for the alleged infringing activity of its corporate subsidiary, Google.

Further contested legal issues that are likely to be raised include: (a) whether a class can be certified under Rule 23; (b) whether Plaintiffs can demonstrate registration, ownership, and validity of the alleged copyrights; (c) whether the allegedly infringed material consists of creative expression or uncopyrightable elements; (d) whether there is substantial similarity between Plaintiffs' copyrighted works and the accused infringement; (e) whether Plaintiffs' agreements with Defendants and others authorize the alleged actions; (f) whether doctrines such as fair use or de minimis copying apply to the copyright claim; and (g) whether this case should be consolidated with the related case, *Leovy v. Google LLC*, No. 5:23-cv-03440-EKL.

**4. Motions**

**a.   Prior and Pending Motions**

On June 20, 2024, Defendants filed a motion to dismiss and an accompanying request for judicial notice. Dkts. 24, 25. Plaintiffs' oppositions to Defendants' motion and request were filed on July 17, 2024, Dkts. 26, 27, and Defendants' replies were filed on August 1, 2024, Dkts. 33, 34. The motion to dismiss will be set for hearing on December 18, 2024.

**b.   Anticipated Motions**

Plaintiffs will file a motion for class certification, which Defendants will oppose. The parties reserve their rights to file motions for summary judgment and Daubert motions. Closer to trial, the parties anticipate filing pre-trial motions as appropriate or necessary.

Defendants may file a motion to consolidate this case with the related case, *Leovy v. Google*. If granted, Defendants anticipate such a motion could impact the pending motions to dismiss. Plaintiffs do not believe that consolidation is appropriate at this time.

The parties hope to resolve discovery disputes without judicial intervention, but discovery motions may be necessary.

**5.     Amendment of Pleadings**

Although Plaintiffs do not anticipate any substantive amendments to the pleadings at this time, there is a pending Motion to Dismiss. Plaintiffs reserve the right to seek to amend their pleadings, pending the outcome of that motion. If the *Leovy* and *Zhang* cases are consolidated, the parties may seek or the court may order a consolidated complaint. Otherwise, consistent with the Court's Standing Order, the parties propose 60 days after the initial case management conference as the deadline to move to amend pleadings or add parties without leave of court.

**6.     Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. The parties will continue to meet and confer concerning ESI.

**7.     Disclosures**

Plaintiffs and Defendants will serve their Federal Rule of Civil Procedure 26(a) initial disclosures by September 24, 2024. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

**8.     Discovery**

    **a.     Status and Scope of Discovery**

No discovery has taken place to date. The Parties are conferring on a stipulated ESI protocol and protective order governing the confidentiality of materials in this action. Discovery will cover the substantive claim and defenses as well as class certification issues.

**Plaintiffs' Statement:** Plaintiffs anticipate conducting discovery, including requesting documents and eliciting testimony from Defendants regarding, among other things: the development and training of Defendants' Google-LAION Models; the training data for the Google-LAION Models; Defendants' copying of the LAION datasets, and general awareness of, and policies about, using copyrighted materials and/or pirated libraries in training data; sources of funding for the development of Defendants' generative AI image models; financial market and profitability of Defendants' generative AI image models; the creation of post-processing filters and/or scripts focused on mitigating copyright violations; licensing deals and negotiations for training data; knowledge of, and participation within, the AI training data market. Plaintiffs reserve all rights to update, add, or amend this list as additional information becomes available.

Given the numerous common legal and factual issues in this case, Plaintiffs do not believe that phasing or bifurcating discovery is necessary or appropriate in this matter.

*Subjects of Discovery from Defendant:*

- The interactions between class members (including Plaintiffs) and Defendants, including but not limited to requests and/or demands from the owners of works used to train Defendants' generative AI models regarding Defendants' use of those works.

- Defendants' conduct that caused the generative AI models to ingest and distribute Plaintiffs' and the Class's works, including but not limited to Defendants' knowledge regarding those actions and their consequences.

- The planning for, and the creation, operation, modification, distribution and maintenance of Defendants' generative AI models, including but not limited to source code.

- Defendants' efforts to obtain licenses or other permission to use works used to train its generative AI models.

- Defendants' organizational structure and corporate documents.

- Contracts, licenses, or other agreements between Defendants and any of Defendants' subsidiaries, affiliates, or joint ventures, and any Plaintiffs or third parties that relate to Defendants' generative AI models.

- Information regarding all material used to train Defendants' generative AI models,

        including the materials themselves.

- Facts related to affirmative defenses raised by Defendant.
- Defendants' policies and practices regarding any use of copyrighted material.
- Defendants' interactions with government or regulatory entities regarding Defendant's generative AI models, including document submissions, requests for information or documents, testimony, and correspondence.
- Defendants' participation and/or involvement in other lawsuits, private administrative proceedings, or regulatory proceedings regarding generative AI models.

**Defendants' Statement:** Defendants believe it is premature to discuss the full scope of discovery while Defendants' motion to dismiss the Complaint is pending. Defendants do not agree that the discovery Plaintiffs describe above would be reasonable or proportionate given the current scope of their claims.

        b.    **Completion of Discovery**

The Court has not set a deadline for the close of fact discovery. The parties continue to meet and confer on a proposed schedule and deadlines for key discovery dates, including substantial completion of productions, privilege log completion, and close of fact discovery. Defendants believe that discovery should be coordinated in the two related cases, even if they are not consolidated.

        c.    **Discovery Limitations**

**Plaintiffs' Statement:** Given the nature of the legal and factual issues in this case, Plaintiffs believe that expansion of the discovery limits as set forth in the Federal Rules of Civil Procedure will be necessary in this case. Plaintiffs seek to have a protocol established for depositions and an inspection protocol for training data and source code. Plaintiffs also seek an expert discovery order.

**Defendants' Statement:** Defendants believe that the default limitations on discovery set out in the Federal Rules should apply and will meet and confer with Plaintiffs about any proposal to alter those limitations.

        d.    **Preservation and Production of Electronically Stored Information**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties are conferring regarding a joint stipulated ESI Protocol.

  e. **Protective Order**

The parties are conferring regarding a joint stipulated Protective Order to submit to the Court. They plan to include a Federal Rule of Evidence 502(d) provision in that Protective Order.

  f. **Other Issues**

The parties will continue to meet and confer regarding privilege logging and anticipate proposing a protocol. They will also meet and confer on deposition logistics.

  g. **Discovery Issues and Potential Disputes**

The parties have not identified any specific discovery disputes and are prepared to meet and confer on any discovery disputes that may arise.

**9. Class Action**

Plaintiffs filed this case as a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:** Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the exclusive control of Defendant. Upon information and belief, Plaintiffs believe and allege that the number of class members is in the millions. Plaintiffs allege that, like all class members, their copyright-protected works were used to train Defendant's Google-LAION Models. Plaintiffs allege all members of the class have been similarly injured by Defendant's conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and that those issues predominate over any question affecting only individual class members. These common legal and factual issues including the following:

- Whether Defendant violated the copyrights of Plaintiffs and the class when it downloaded copies of Plaintiffs' copyrighted works and used them to train Defendants' models.
- Whether this Court should enjoin Defendant from engaging in the unlawful conduct alleged herein, and the appropriate scope of that injunction.
- Whether any affirmative defense (including fair use) excuses Defendant's conduct.
- The amount of damages.

**Defendants' Statement:** Plaintiffs will be unable to establish a basis for class certification under Federal Rule of Civil Procedure 23. Accordingly, Defendants will oppose class certification.

## 10. Related Cases

Pursuant to the Court's August 5, 2024 Order, *Zhang et al. v. Google LLC et al.*, No. 5:24-cv-02531-EKL (N.D. Cal.) has been related to *Leovy v. Google LLC*, No. 5:23-cv-03440-EKL (N.D. Cal.) *See Leovy* Dkt. 59. The *Zhang* Plaintiffs opposed relation. The parties may brief a motion on whether the related cases should be consolidated. The parties are unaware of any other cases brought on behalf of authors with registered copyrights involving Defendants' Google-LAION Models other than the two cases involved here.

## 11. Relief

**Plaintiffs' Statement:** Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505 or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after April 26, 2024, the date the class action Complaint was first served on Defendant.

**Defendants' Statement:** Defendants deny that Plaintiffs are entitled to any relief. Defendants expect to seek prevailing party attorneys' fees for Plaintiffs' copyright claims pursuant to 17 U.S.C. § 505.

## 12. Settlement and ADR

ADR Certifications pursuant to ADR L. R. 3-5(b) were filed by the parties on September 12, 2024 (Dkts. 40-44). The parties continue to meet and confer on an ADR plan.

## 13. Other References

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14.   Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion. The parties are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

**15.   Scheduling**

    **a.   Expedited Trial Procedures**

The parties agree that this case is inappropriate for the Expedited Trial Procedure of General Order 64.

    **b.   Case Schedule**

The parties continue to meet and confer on a case schedule. The parties intend to submit proposed schedules to the Court within a reasonable period of time, no later than two weeks prior to the initial case management conference once it is scheduled by the Court.

**16.   Trial**

Plaintiffs' complaint demands a jury trial.

**Plaintiffs' Statement:** Plaintiffs estimate approximately ten (10) to fourteen (14) days for trial.

**Defendants' Statement:** Defendants believe it is premature to determine the length of the trial.

**17.   Disclosure of Non-Party Interested Entities or Persons**

**Plaintiffs' Statement:** Plaintiffs filed a Certification of Interested Entities or Persons along with the Complaint on April 26, 2024 (Dkt. 5).

**Defendants' Statement:** Defendants filed a Certification of Interested Entities or Persons on May 13, 2024 (Dkt. 14). Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Alphabet Inc. and Google LLC disclose the following: Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Pursuant to Civil L.R. 3-15, the undersigned counsel for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    1.   Google LLC

2. XXVI Holdings Inc., Holding Company of Google LLC

3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

**18.  Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.  Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

**20.   Information Provided Pursuant to Dkt. 39 (Order Reassigning Case)**

a.  **List or Description of Each Party**

Individual and Representative Plaintiffs: Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink

Defendants: Google LLC and Alphabet Inc.

b.  **Summary of All Claims and Dates the Complaint Was Filed**

The Complaint, filed on April 29, 2024 (Dkt. 1), asserts a claim against Google for direct copyright infringement and a claim against Alphabet for vicarious infringement.

c.  **Brief Procedural History of the Case**

On June 20, 2024, Defendants filed a motion to dismiss the Complaint, which is now fully briefed and pending. *See* Dkts. 24, 26, 33. Defendants also filed a motion to relate this case to *Leovy v. Google*. That motion, which was filed in *Leovy*, the lowest-numbered case (*see* Dkt. 31; *Leovy* Dkts. 49, 50, 52, 53, 54, 56), was granted on July 23, 2024 (*see* Dkt. 28; *Leovy* Dkt. 51), and this case was reassigned to the Honorable Araceli Martínez-Olguín (*see* Dkt. 29). Reconsideration of the Court's related-case order was denied. *See Leovy* Dkt. 59.

The initial case management conference has not yet taken place. The parties have not conducted or scheduled ADR proceedings or settlement discussions, and there have been no appellate proceedings in this case. The parties look forward to the case management conference, to be scheduled at the Court's convenience.

Case No. 5:24-cv-02531-EKL          10
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

| | | |
|---|---|---|
| Dated: September 16, 2024 | By: | */s/ Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Evan Creutz (State Bar. No. 349728)
Elissa A. Buchanan (State Bar No. 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          cyoung@saverilawfirm.com
          eabuchanan@saverilawfirm.com
          ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:    mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:    (612) 339-6900
Facsimile:    (612) 339-0981
Email:    bdclark@locklaw.com
          lmmatson@locklaw.com
          aswagner@locklaw.com
          echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

| | |
|---|---|
| Dated: September 16, 2024 | By:     /s/ David H. Kramer<br>           David H. Kramer |

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
*GOOGLE LLC and ALPHABET INC.*

## SIGNATURE ATTESTATION

I, Joseph R. Saveri, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ Joseph R. Saveri*