1   DAVID H. KRAMER, SBN 168452
    Email: dkramer@wsgr.com
2   MAURA L. REES, SBN 191698
    Email: mrees@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   650 Page Mill Road
    Palo Alto, CA 94304-1050
5   Telephone:  (650) 493-9300

6   ERIC P. TUTTLE, SBN 248440
    Email: eric.tuttle@wsgr.com
7   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
8   701 Fifth Avenue, Suite 5100
    Seattle, WA 98104-7036
9   Telephone:  (206) 883-2500

10  *Counsel for Defendants*
    GOOGLE LLC and ALPHABET INC.

11

12              UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15  JILL LEOVY, individually, and on behalf of          CASE NO.:  5:23-cv-03440-EKL
    all others similarly situated,
16                                                      **STATUS REPORT RE DEFENDANTS'**
                    Plaintiff,                          **PROPOSAL ON THE CONDUCT OF**
17                                                      **CONSOLIDATED CASES**
            v.
18                                                      Judge:  Hon. Eumi K. Lee
    GOOGLE LLC,
19                                                      Complaint Filed:      July 11, 2023
                    Defendant.                          FAC Filed:            January 5, 2024
20                                                      SAC Filed:            June 27, 2024

21

22  JINGNA ZHANG, an individual; SARAH                  CASE NO.:  5:24-cv-02531-EKL
    ANDERSEN, an individual; HOPE
    LARSON, an individual; and JESSICA                  **CONSOLIDATED CASE**
23  FINK, an individual,
                                                        Judge:  Hon. Eumi K. Lee
24                  Individual and Representative
                    Plaintiffs,                         Complaint Filed:      April 26, 2024
25
            v.
26
    GOOGLE LLC and ALPHABET INC.,
27
                    Defendants.
28

## I.      Background

Pursuant to this Court's Order (*Leovy* ECF No. 64; *Zhang* ECF No. 46), Defendants Google LLC and Alphabet Inc. (collectively, "Google") moved, over Plaintiffs' objections, to consolidate the *Leovy* and *Zhang* actions on October 9, 2024. *See Leovy* ECF No. 70; *Zhang* ECF No. 49. Just hours before their opposition was due, Plaintiffs reversed course and stipulated that the two actions "shall be consolidated for all purposes under Federal Rule of Civil Procedure 42(a)."[1] *Leovy* ECF No. 72 at 2; *Zhang* ECF No. 51 at 2. The parties agreed to meet and confer "to address the conduct of the consolidated case going forward," and stated that they would "submit an additional proposal or additional proposals to the Court" by November 4. *Id.* The parties have met and conferred but have been unable to reach agreement.

## II.      Parties' Dispute

The core dispute between the parties is that Plaintiffs seek to file a consolidated complaint that may materially depart from their prior pleadings, and which they say may introduce new parties, new claims, and new allegations. Plaintiffs contend they can do so freely. But that misapprehends the law. The time for Plaintiffs to amend as of right has long since passed. In the 18 months since the case was filed, Leovy has already amended her complaint *twice*. And the *Zhang* Plaintiffs opted to oppose Google's motion to dismiss, rather than amend their complaint, several months ago. *See* Fed. R. Civ. P. 15(a)(1)(B) (amendment as a matter of course expires "21 days after service of a motion under Rule 12(b)"). Accordingly, if Plaintiffs wish to make substantive amendments to their pleadings, rather than merely consolidating them into a single complaint for administrative ease, they must seek Google's "written consent" or obtain "leave" to amend from the Court. Fed. R. Civ. P. 15(a)(2); *see also, e.g.*, *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2008 WL 2397424, at *3 (N.D. Cal. June 10, 2008) ("Nowhere does the court's order permit plaintiffs to amend a complaint without leave of court.

---

[1] Plaintiffs have made a practice of forcing Google to prepare and file motions that they then moot through capitulation. After apprising Leovy of her original complaint's deficiencies, Google was forced to file a motion to dismiss the complaint, which Leovy then mooted by amendment. Both groups of Plaintiffs opposed consolidation, forcing Google to prepare and file another motion, before they agreed to it. Now, Plaintiffs *may* seek to moot Google's fully-briefed and long-pending motions to dismiss, and potentially force Google to file still another motion.

The order permits *filing* of a complaint that consolidates the allegations of the extant complaints, no more and no less."); *CDM Holding Grp., LLC v. Tidal Commerce Inc.*, 2024 WL 891788, at *1 (C.D. Cal. Feb. 15, 2024) ("[A]n order consolidating cases and directing the filing of a consolidated complaint does not permit adding new claims absent leave to do so."); *Ramirez v. HB USA Holdings, Inc.*, 2021 WL 840353, at *3 (C.D. Cal. Jan. 15, 2021) (granting plaintiffs' "request to file a consolidated amended complaint," but stating that "Plaintiffs … may not introduce new or different claims in the consolidated complaint without seeking leave to amend").

Google proposed that Plaintiffs provide an advance copy of their proposed consolidated complaint to allow Google to determine whether it consented to any substantive changes (*i.e.*, *amendments*). If not, Plaintiffs would be free to seek leave of Court to amend. Such a meet and confer procedure is routinely employed for motions to amend. *See, e.g.*, *Hong Kong uCloudlink Network Tech. Ltd. v. Simo Holdings Inc.*, 2019 WL 1767329, at *2 (N.D. Cal. Apr. 22, 2019) (ordering parties to "meet and confer" on proposed amendments, "and, if no agreement is reached, then the parties should agree upon a reasonable briefing and hearing schedule on a motion for leave to amend"); *Gonzalez v. Google, Inc.*, 2024 WL 3331649, at *3 (N.D. Cal. July 8, 2024) (explaining the court "ordered Plaintiffs to provide Google with a proposed Fourth Amended Complaint … and ordered the parties to meet and confer prior to the filing of a motion for leave to amend"). Plaintiffs rejected Google's proposal, insisting they can make whatever amendments they desire, without consent from Google or the Court. That is improper.

As matters stand, motions to dismiss the operative complaints in the two constituent cases are fully briefed and set to be heard on December 18, 2024. Plaintiffs have not committed to correcting the pleading deficiencies that Google raised in those motions, but say they might address some.

**III.    Google's Proposal**

Given the parties' dispute regarding a potential consolidated complaint, Google proposes the following, which is reflected in the attached proposed order.

1        Within 45 days of the Court's ruling on Plaintiffs' proposal concerning interim class

2   counsel, Plaintiffs shall provide Google with a proposed Consolidated Complaint. Within 14

3   days, Google shall inform Plaintiffs whether it consents to the proposal. If it does consent,

4   Plaintiffs shall promptly file the Consolidated Complaint. If Google does not consent, Plaintiffs

5   will file a motion for leave to file it.

6        As for Google's pending motions to dismiss, Plaintiffs, again, have yet to say whether

7   their consolidated complaint will attempt to address the pleading deficiencies Google has

8   identified, even though Plaintiffs have known about them for months. If Plaintiffs confirm they

9   will endeavor to do so, Google would agree that its motions are moot. But without that

10  representation, Google believes that the parties, and the interests of efficiency, would best be

11  served by moving forward with the motions and hearing as scheduled. Indeed, in another

12  generative AI case, the same counsel representing the *Zhang* plaintiffs here advocated for that

13  procedure. In *In re OpenAI ChatGPT Litig.*, the parties stipulated to consolidating multiple cases

14  when separate motions to dismiss were pending. *See* No. 3:23-cv-03223, ECF No. 60, at 3 (N.D.

15  Cal. Oct. 26, 2023). In that case, *Zhang*'s counsel here specifically asked Judge Martínez-Olguín

16  to rule on the pending motions before the filing of any consolidated complaint, in the interest of

17  "conserving judicial resources." *Id.*; *see also id.*, ECF No. 77 at 6:12–13. Judge Martínez-Olguín

18  took up the substance of the motions, dismissed part of Plaintiffs' complaints, and ordered that

19  any amended complaint consolidate the remaining claims but that "[n]o additional parties or

20  claims may be added without leave of Court or stipulation of Defendants." *Id.*, ECF No. 104 at

21  12-13; *see also id.*, ECF No. 107 at 3 (granting stipulation with modification). In the attached

22  proposed order, Google calls for Plaintiffs to inform Google of their intentions by no later than

23  November 22, so that the parties can then inform the Court (three weeks before the scheduled

24  hearing) as to whether the pending motions should proceed.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  November 4, 2024

WILSON SONSINI GOODRICH & ROSATI
 Professional Corporation

By:  */s/ David H. Kramer*
       David H. Kramer
       dkramer@wsgr.com
       Maura L. Rees
       mrees@wsgr.com
       Eric P. Tuttle
       eric.tuttle@wsgr.com

*Counsel for Defendants*